RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
KRISTINE A. THAGARD, #94401
kthagard@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
HOWARD B. GROBSTEIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re | Case No. 6:20-bk-16405-SY |
|---|---|
| MONICA GOMEZ, | Chapter 7 |
| Debtor. | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

HOWARD B. GROBSTEIN, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Monica Gomez ("Debtor"), respectfully submits this application ("Application") for entry of an order authorizing the employment of Marshack Hays LLP ("Firm") as the Trustee's and the Estate's general counsel in this case pursuant to 11 U.S.C. § 327.

In support of this Application, the Trustee respectfully represents as follows:

**A.    Procedural Background**

On September 23, 2020 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. On the same day, Howard B. Grobstein (previously defined as "Trustee") was appointed as Chapter 7 Trustee of the Estate.

/ / /

/ / /

Debtor's Schedule A list an interest in real properties commonly known as 2736 Genevieve Street, San Bernardino, CA 92405 ("Genevieve Property"); and 16950 Wing Lane, LaPuente, CA 91744 ("Wing Property," and together with the Genevieve Property, the "Property").

On October 27, 2020, as Dk. No. 9, the Trustee filed a notice of asset case. The Court set a claims bar date of February 1, 2021.

The Trustee seeks to retain general counsel to: (1) investigate and liquidate the Estate's interest, if any, in the Debtor's scheduled real property and any other assets, including objecting to any claimed homestead exemption; (2) negotiate for the turnover and disbursement of real property in accordance with the Bankruptcy Code; and (3) assist the Trustee in all other aspects for the smooth administration of this bankruptcy case. The Firm is knowledgeable and experienced in representing Chapter 7 trustees in the area of assessing, recovering, and liquidating assets for the benefit of creditors.

**B.    Necessity of General Counsel**

Debtor scheduled two rental properties in her Petition. The first, the Wing Property, has an estimated value of $518,000, and based on loan information obtained by the Trustee, there is estimated equity in the Wing Property over and above the first trust deed ($191,140) in the approximate amount of $320,600. Debtor lists a second rental property, the Genevieve Property, which has an estimated value of $292,000, and based on loan information obtained by the Trustee, there is estimated equity in the Genevieve Property over and above the first trust deed ($80,000) in the approximate amount of $215,900.  Because these are rental properties, and are not Debtor's principle residence, Trustee does not believe Debtor is entitled to a homestead exemption. *See California Code of Civil Procedure*" Section 704.710(c)).

The Trustee requires the assistance of general counsel to, among other things, investigate, analyze, and value Debtor's scheduled real property to assist with liquidation if advisable, including objecting to the homestead exemption, if claimed, and any other potential assets of the Estate. The Firm is knowledgeable and experienced in representing Chapter 7 trustees in the area of assessing, recovering, and liquidating assets for the benefit of creditors. In brief, Trustee anticipates that there will be substantial value in the Wing and Genevieve Properties for creditors of the Estate, and

requires the assistance of counsel. If the Trustee requires the assistance of counsel in any other matter in this case, the Firm will assist.

The Firm may be required to assist the Trustee in the following matters:

a. To advise the Trustee regarding the Genevieve Property and Wing Property and any exemption claimed in the Properties;

b. To analyze the value of the Genevieve Property and Wing Property for the benefit of creditors, taking into account all consensual and nonconsensual liens on the Genevieve Property and Wing Property, in addition to any claimed exemptions;

c. To assist the Trustee with the liquidation of the Genevieve Property and Wing Property or the Estate's interest in the Genevieve Property and Wing Property;

d. To represent the Trustee in any proceeding or hearing in the Bankruptcy Court and in any action where the rights of the Estate or Trustee may be litigated or affected;

e. To conduct examination of Debtor, witnesses, claimants, or adverse parties, and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

f. To evaluate, review, and if appropriate, object to creditor claims; and

g. To perform any and all other legal services incident and necessary for the smooth administration of this bankruptcy case.

**C.    Requirements for Application to Employ Professional**

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 2014-1 of the Local Bankruptcy Rules ("LBR"), there follows a summary of the proposed employment of the Firm. Should the Office of the United States Trustee, the Court, or any party in interest request additional information, the Firm will provide a supplemental declaration prior to any hearing on this Application.

**1.    LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) Employment and Compensation**

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the

Case 6:20-bk-16405-SY    Doc 27    Filed 04/08/21    Entered 04/08/21 15:38:24    Desc
Main Document    Page 4 of 20

requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

The Trustee seeks employment of the Firm pursuant to 11 U.S.C. § 327. The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331. The Firm will track and bill all time that it considers to be reasonable and appropriate in the course of its representation of the Estate, and to the extent that the Trustee in the future requests a voluntary reduction of compensation requested, the Firm will agree to voluntarily reduce its requests for compensation in accordance with the Trustee's business judgment, to ensure a benefit is received by the creditors of the Estate.

**2.    FRBP 2014 - Name of the Person to Be Employed**

The Trustee seeks to employ the law firm of Marshack Hays LLP. Pursuant to Rule 2014(b) of the Federal Rules of Bankruptcy Procedure, partners, members, and regular associates of the Firm will act as attorneys for the Estate without further order of the court.

The professionals and paraprofessionals who may render services in connection with the Firm's representation of the Estate are identified in the Firm's billing detail, to be submitted with each application for allowance of fees and reimbursement of costs, by their initials. They are:

| Partners | Of Counsel | Paralegals |
|---|---|---|
| Richard A. Marshack | Kristine A. Thagard | Pamela Kraus |
| D. Edward Hays | Matthew W. Grimshaw | Chanel Mendoza |
| Chad V. Haes | **Associates** | Layla Buchanan |
| David A. Wood | Judith E. Marshack | Cynthia Bastida |
|  | Laila Masud | Kathleen Frederick |
|  | Tinho Mang | **Law Clerk** |
|  | Claudia M. Coleman | Sarah R. Hasselberger[1] |

**3.    FRBP 2014 - Reasons for the Selection**

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate. The Firm comprises attorneys who have extensive experience in insolvency, bankruptcy, the assessment of assets and liens, especially liens on residential real property, the recovery and liquidation of assets, as well as litigation matters of the type that may need to be pursued herein. The Firm is experienced in debtor/creditor matters, including the representation of

---

[1] Ms. Hasselberger will not be performing any work on this case. Her name is provided for the purposes of full disclosure only.

4
APPLICATION TO EMPLOY MARSHACK HAYS AS GENERAL COUNSEL
4824-2330-5952,v.1

trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy case.

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California, the United States District Court for the Central District of California, and this Court. A biography of each professional of the Firm and a list of the current hourly billing rates is attached as **Exhibit 1** to the Declaration of Richard A. Marshack ("Marshack Declaration").

The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### a.    FRBP 2014 - Professional Services to be Rendered

In this case, the Trustee seeks the assistance of counsel to, among other things, research, investigate, analyze, recover, and potentially administer any interest the Estate may have in the Genevieve Property and Wing Property and other potential assets of the Estate and to undertake any litigation that may be necessary either to recover property of the Estate or to liquidate any claims. The Firm may also be required to assist the Trustee in the following matters:

- To advise the Trustee regarding the extent of the Estate's interest in the Genevieve Property and Wing Property, validity of liens thereon, and extent of the Debtor's allowable homestead exemptions;

- To represent the Trustee in any proceeding or hearing in the Bankruptcy Court and in any action where the rights of the Estate or Trustee may be litigated or affected;

- To conduct examination of Debtor, witnesses, claimants, or adverse parties, and to prepare and assist in the preparation of reports, accounts, applications, motions, complaints, and orders;

- To evaluate, review, and if appropriate, object to creditor claims; and

- To perform any and all other legal services incident and necessary for the smooth administration of this bankruptcy case.

### b.  FRBP 2014 - Proposed Arrangement Compensation

The Firm will render services to the Trustee at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm's current hourly billing rates are as follows:

| Partners | Rates | Associates | Rate | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $650 | Judith E. Marshack | $410 | Pamela Kraus | $280 |
| D. Edward Hays | $650 | Laila Masud | $390 | Chanel Mendoza | $260 |
| Chad V. Haes | $490 | Tinho Mang | $350 | Layla Buchanan | $260 |
| David A. Wood | $490 | Claudia Coleman | $350 | Cynthia Bastida | $260 |
| Of Counsel | | Law Clerk | | Kathleen Frederick | $200 |
| Kristine A. Thagard | $550 | Sarah R. Hasselberger | $280 | | |
| Matthew W. Grimshaw | $550 | | | | |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case and, has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

### c.  FRBP 2014 - Firm's Connections and Associations

Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys or paraprofessionals comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other party in interest, or their respective attorneys or accountants. The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Marshack Declaration, none of the attorneys comprising or employed by the Firm has any connection with any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that:

(1) Richard A. Marshack, a member of the Firm, is a panel Chapter 7 trustee that has or may in the future employ Howard Grobstein in unrelated cases; (2) the Firm (or members of the Firm) have in the past and are currently serving as counsel to the Trustee in his capacity as Chapter 7 trustee for other, unrelated cases; (3) several of the Firm's attorneys are former or future law clerks or externs to various Central District of California Bankruptcy Judges (including the judge in this case); and (5) two judges of the United States Bankruptcy Court for the Central District of California (but not the judge in this case), have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C).

### D.    Conclusion

The Trustee requests that he be authorized to employ the Firm as his general counsel pursuant to 11 U.S.C. § 327 at the Firm's hourly rates with any compensation and reimbursement of costs to be paid by the Estate only upon application to and approval by the Court pursuant to 11 U.S.C. §§ 330 and 331.

DATED: April  8 , 2021          Respectfully submitted,

By: _____
HOWARD B. GROBSTEIN
Chapter 7 Trustee for the Bankruptcy Estate of Monica Gomez

DATED: April 6, 2021          MARSHACK HAYS LLP

By: /s/ Kristine A. Thagard
RICHARD A. MARSHACK
KRISTINE A. THAGARD
Proposed General Counsel for Howard B. Grobstein, Chapter 7 Trustee for the Bankruptcy Estate of Monica Gomez

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3. I am a founding partner of the law firm of Marshack Hays LLP ("Firm") and maintain offices at 870 Roosevelt, Irvine, California, 92620.

4. I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel ("Application") filed by Howard B. Grobstein, the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Monica Gomez ("Debtor"), Case No. 6:20-bk-16405-SY.

5. If called as a witness, I could and would competently testify to the following of my own personal knowledge.

6. The Trustee has asked that the Firm serve as his counsel in connection with the administration of the Estate. The Firm is well-qualified to do so.

7. The Firm comprises of attorneys who have extensive experience in most aspects of insolvency, bankruptcy, and corporate reorganization and is well-qualified to represent the Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have a combined Bankruptcy Court practice of decades, and the Firm has handled many of the issues that routinely arise in the context of a bankruptcy case.

8. The Firm is knowledgeable and experienced in representing Chapter 7 trustees in these areas. Specifically, the Firm has extensive experience advising Chapter 7 trustees with respect to the investigation, recovery, administration, and liquidation of assets for the benefit of the Estate.

9. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached as **Exhibit 1** and incorporated by this reference.

10. The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

11. The Firm has not received a retainer for the services it will perform in this matter.

12. The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327, 330, and 331.

13. The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

14. The Firm's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization. The Firm does not have a "commercial" practice outside of bankruptcy.

15. From its inception, the Firm has maintained a database of all bankruptcy cases in which it has been employed. For every new potential case where the Firm is employed, a search of this database of the Debtor(s) and all creditors is performed to ascertain if the Firm has any previous relationship that would prevent its employment in the case.

16. In this case, the Firm completed a conflicts check prior to submitting the Application by using the information provided by the Debtor in her petition against the Firm's database. As a result of the conflicts check, no relationship was identified that would prevent employment in this matter.

17. To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with Debtor or Debtor's attorneys or accountants, Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

18. As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder, or an insider of Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by Debtor.

19. The Firm neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason.

20. To the best of my knowledge, none of the attorneys comprising or employed by the Firm have any connection to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) I am a panel Chapter 7 trustee and have hired the Trustee's firm, in my capacity as bankruptcy fiduciary in other, unrelated bankruptcy cases; (2) the Firm has in the past represented the Trustee, in his capacity as bankruptcy trustee in other unrelated cases; (3) several of the Firm's attorneys or law clerks are former or future law clerks or externs to various Central District of California Bankruptcy Judges (including the judge in this case); and (5) two judges of the United States Bankruptcy Court for the Central District of California (but not the judge in this case), have performed civil marriage ceremonies for members of the Firm or their family members pursuant to California Family Code § 400(b)(3)(C).

21. The Firm does not have an interest adverse to Debtor or the bankruptcy Estate.

22. The Firm has been employed by the Trustee in several cases in the past. The Firm believes it is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

23. The Firm will track and bill all time that it considers to be reasonable and appropriate in the course of its representation of the Estate, and to the extent that the Trustee in the future requests a voluntary reduction of compensation requested, the Firm will agree to voluntarily reduce its requests for compensation in accordance with the Trustee's business judgment, to ensure a benefit is received by the creditors of the Estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2021.

_____
RICHARD A. MARSHACK

# Exhibit 1

## PARTNERS

### RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.S. Bankruptcy Court, Central District of California,* 1985 - *Present.*

### D. EDWARD HAYS

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP. He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992. Ed has been certified as a bankruptcy law specialist by the State Bar of California.

Mr. Hays currently serves on the Board of Directors for the following organizations: Legal Aid Society of Orange County; and University of Southern California Law School Annual Fund. He has previously served on the Board for the Cal State University Fullerton Alumni Association; and the Cal State University Fullerton Philanthropic Foundation. In 2004-2005, Mr. Hays served as the President of the Cal State Fullerton Alumni Association and was selected that year as a CSUF Volunteer of the Year. In 2004, Mr. Hays was the Chair of the Resolutions Committee for the Orange County Bar Association and has served as a delegate to the State Bar Conference on behalf of Orange County every year since 1995.

Ed focuses his practice on bankruptcy and litigation matters. In 2000 and 2017, he was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in endurance events completing full-distance Ironman Triathlons in 2000 and 2003; eight half-Ironman races between 1999 and 2016; and a 50- mile ultra-run in 2009; and multiple marathons across the world including New York, Los Angeles, Rome, St. George, and the Madison Valley in Montana.

Ed's published cases include: *In re Brace*, 9 Cal.5th 903 (Cal. Supreme Court 2020); *Jue v. Liu (In re Liu)*, 611 B.R. 864 (9th Cir. BAP 2020); *In re Nolan*, __ B.R. __ (Bankr. C.D.Cal. 2020); *In re Roger*, 393 F.Supp.3d 940 (Distr. Cal. 2019); *Naylor v. Farrell (In re Farrell)*, 610 B.R. 317 (Bankr. C.D.Cal. 2019); *Slaieh v. Simons*, 548 B.R. 28 (Distr. Cal. 2018); *Brace v. Speier*, 908 F.3d 531 (9th Cir. 2018); *Cal. Corr. Peace Officers Ass'n Ben. Trust Fund v. Corbett (In re Corbett)*, 2017 U.S.Distr. Lexis 108925 (E.D.Cal. 2017), *Brace v. Speier (In re Brace)*, 566 B.R. 13 (9th Cir. BAP 2017); *In re DRI Cos.*, 552 B.R. 195 (Bankr. C.D.Cal. 2016); *Stahl v. Whelan Elec., Inc. (In re Modtech Holdings)*, 503 B.R. 737 (Bankr. C.D.Cal. 2013); *In re Cusimano*, 2013 WL 9736597 (Bankr. C.D.Cal. 2013); *In re Cass*, 476 B.R. 602 (Bankr. C.D. Cal. 2012); *In re Four Star Financial Services, Inc.*, 444 B.R. 428 (Bankr. C.D. Cal. 2011) *rev'd* 469 B.R. 30 (C.D. Cal. 2012); *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011); *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D. Cal. 1999); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; *In re Metz,* 225 B.R. 173 (9th Cir. BAP 1998); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D. Cal. 1996) *aff'd* 129 F.3d 1052 (9th Cir. 1997); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); and *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D. Cal. 1993).

Ed and his wife, Sarah Cate Hays, have also co-authored the following law review articles published in the California Bankruptcy Journal:
- *The Client Without a Remedy and the Windfall Estate – The Case for Debtor Ownership of Malpractice Claims Against Bankruptcy Counsel* (32 Cal. Bank. J. 65 (2012));
- *The Same Love – Marriage Equality in Bankruptcy Post-DOMA and the Evolving Rights of Registered Domestic Partners* (33 Cal. Bank. J. 49 (2014)); and
- *Good Help Is Hard to Fund: The Problem of Earned Upon Receipt Retainers and Pre-Funded Litigation in Bankruptcy* (33 Cal. Bankr. J. 421 (2016)).

## CHAD V. HAES

Chad V. Haes focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights. Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008. Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division. Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law. Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

## DAVID A. WOOD

David A. Wood focuses his practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude. Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight. He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

## ATTORNEYS

**KRISTINE A. THAGARD** focuses her practice on contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she served on the Board of Trustees for 9 years. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

**MATTHEW W. GRIMSHAW** focuses his practice on insolvency law and litigation. He represents parties in all aspects of bankruptcy matters and out-of-court restructurings. He also has significant experience litigating and advising clients on issues resulting from the debtor-creditor relationship, including the enforcement of notes and guarantees, writs of attachment, receiverships, wrongful foreclosures, mortgage elimination scams, and injunctions.

Mr. Grimshaw was born in Mesa, Arizona. He graduated from Brigham Young University with a Bachelor of Arts degree in Economics. He graduated with honors from Willamette University College of Law, where he served as the editor-in-chief of the school's Journal of International Law and Dispute Resolution. Mr. Grimshaw was admitted to practice law in California in 2000.

Mr. Grimshaw served a two-year term as a judicial law clerk to the Honorable John E. Ryan. During his first year, Mr. Grimshaw served as Judge Ryan's trial law clerk. During his second year, when Judge Ryan was the chief judge of the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals, Mr. Grimshaw served as his appellate law clerk.

Mr. Grimshaw has been asked on many occasions to present lectures on various subjects, including bankruptcy, creditors' rights, and legal ethics. He has published numerous articles on bankruptcy-related topics. In 2006, he was also appointed by Ninth Circuit Court of Appeals to serve on the committee that evaluated candidates and made recommendations as to who should fill existing vacancies on the United States Bankruptcy Court for the Central District of California.

Mr. Grimshaw is a long-time member of the Board of Directors for the Orange County Bankruptcy Forum. He also served as Chair of the Commercial Law and Bankruptcy Section of the Orange County Bar Association.

Mr. Grimshaw enjoys spending time with his family, reading, and traveling. Mr. Grimshaw is conversant in Spanish. He is an Eagle Scout and continues to be actively involved with the Boy Scouts of America.

**JUDITH E. MARSHACK** is an Associate with Marshack Hays LLP. She was born in Inglewood, CA. Ms. Marshack graduated from the California State University, Long Beach in 1982 and from Western State University, College of Law in 1992, and was admitted to practice law in 1992.

**LAILA MASUD** focuses her practice in bankruptcy and business litigation, including lender liability and creditors' rights.

Ms. Masud graduated cum laude from the University of California, Irvine in 2012. She earned her law degree from Pepperdine University School of Law in 2016. She was admitted to practice law in California in 2016. Prior to joining Marshack Hays, Ms. Masud served as a judicial law clerk to the Honorable Thomas B. Donovan at the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

During law school, as an extern for the Honorable Vincent P. Zurzolo at the United States Bankruptcy Court for the Central District of California, Los Angeles Division, she served on the Rules Committee where she conducted research and wrote on various issues of bankruptcy law, including local court forms, rules and procedures. She also served as a student leader and was nominated for The Parris Institute for Professional Formation Award for Excellence in Leadership and Excellence in Peacemaking. Ms. Masud is conversant in Spanish, Urdu and Hindi.

Ms. Masud currently serves as Chair for the Orange County Bar Association's Commercial Law and Bankruptcy Section.

**TINHO MANG** is an attorney at Marshack Hays. He recently earned his Juris Doctorate from the University of Southern California, Gould School of Law, and prior to that, graduated *magna cum laude* from the University of California, Los Angeles. While at law school, Mr. Mang served as the Executive Senior Editor of the Southern California Review of Law and Social Justice. He also served two full-time summers and one part-time fall semester as an extern in the United States Bankruptcy Court for the Central District of California for the Honorable Scott C. Clarkson. During his externship in bankruptcy court, Mr. Mang developed a deep appreciation for the intricacies of bankruptcy practice, participating substantially in a wide variety of bankruptcy matters ranging from Chapter 11 confirmations, adversarial proceedings for lien avoidance, and a trial seeking to avoid a preferential or fraudulent transfer.

Mr. Mang was sworn in as a member of the California State Bar on November 27, 2018.

**CLAUDIA COLEMAN** is an associate attorney at Marshack Hays. Mrs. Coleman earned her Bachelor of Science degree from the University of California, Irvine in 2007. From 2007 to 2016, she worked as a litigation paralegal. In 2019, she earned her Juris Doctorate from the University of San Diego School of Law where she graduated in the top 30% of her class.

Upon graduation, Mrs. Coleman served as a judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division. While in law school, Mrs. Coleman was a member of the *San Diego Law Review*. Additionally, Mrs. Coleman served as an extern for the Honorable Josephine A. Staton of the United States District Court for the Central District of California, Santa Ana Division as well as for Judge Erithe A. Smith.

Mrs. Coleman was sworn in as a member of the California State Bar on December 19, 2019.

## LAW CLERK

**SARAH HASSELBERGER** is a law clerk at Marshack Hays. She is a third-year law student at Chapman University Dale E. Fowler School of Law and graduated cum laude from Wagner College in 2017. During law school, Ms. Hasselberger served one full-time summer as an extern for the Honorable Scott H. Yun in the United States Bankruptcy Court for the Central District of California, Riverside Division, and one part-time spring semester as an extern for the Honorable Theodor C. Albert in the United States Bankruptcy Court for the Central District of California, Santa Ana Division. During her externships in bankruptcy court, Ms. Hasselberger conducted research and wrote on a wide array of bankruptcy issues, including lien avoidance, turnover of estate property, and non-dischargeability. She also received CALI Excellence for the Future Awards for the highest grades in Bankruptcy, Evidence, and Torts.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present; Education: Coastline Community College, Costa Mesa (A.A. 2004); Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004). Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**CHANEL MENDOZA**, Experience: Ms. Mendoza is a seasoned litigation and bankruptcy Legal Assistant/Paralegal. She has more than twenty years of law related experience comprising of workers' compensation, personal injury, business litigation, employment law, and bankruptcy, all while working under the direct supervision of active members of the California State Bar. Ms. Mendoza has also worked fourteen of those years under the direction and supervision of Marshack Hays LLP's founding partner, D. Edward Hays. Ms. Mendoza has federal and state court experience, including extensive trial and appellate knowledge. Ms. Mendoza is a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**LAYLA BUCHANAN**, Experience: Ms. Buchanan is a Senior Paralegal with Marshack Hays LLP and has over twenty years of law related experience. Ms. Buchanan has worked extensively in civil, bankruptcy and family law, working under the direct supervision of active members of the California State Bar. Ms. Buchanan obtained her Paralegal Certificate from Coastline Community College's ABA accredited program. Member: Orange County Legal Secretaries Association, Orange County Paralegal Association, and a current member of the National Notary Association. Ms. Buchanan has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida has over twenty years of experience working as a Legal Assistant/Paralegal. She has her Paralegal Certificate (completion in 1991) and earned a Bachelor of Arts in Psychology from California State University Fullerton in 2004. She has a wide

range of experience from civil litigation, bankruptcy, product liability, lemon law, real estate and corporate law as well as eminent domain. Her skills include: Legal research, trial preparation along with drafting numerous fee applications, petitions, proofs of claim, notices, motions and discovery. Cynthia is a member of Orange County Legal Secretary Association (OCLSA).

**LAURIE MCPHERSON**, Trustee Case Administrator 2007 to present; Trustee field agent and/ paraprofessional 1988 to 2007; Experience: Twenty years of law related experience as a bankruptcy trustee paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.

**KATHLEEN FREDERICK**, Experience: Mrs. Frederick is a Junior Paralegal with Marshack Hays LLP. Mrs. Frederick graduated from the University of California, Los Angeles in 2008 with a bachelor's degree in English. She obtained her Paralegal Certificate from Coastline Community College's ABA accredited program in May of 2018. She has been working with the firm for more than five years and has over ten years legal experience. Mrs. Frederick is a member of the Orange County Paralegal Association and the National Association of Legal Assistants.

Billing Rates:

| Partners | Rates | Associates | Rate | Paralegals | Rates |
|---|---|---|---|---|---|
| Richard A. Marshack | $650 | Judith E. Marshack | $410 | Pamela Kraus | $280 |
| D. Edward Hays | $650 | Laila Masud | $390 | Chanel Mendoza | $260 |
| Chad V. Haes | $490 | Tinho Mang | $350 | Layla Buchanan | $260 |
| David A. Wood | $490 | Claudia Coleman | $350 | Cynthia Bastida | $260 |
| Of Counsel | | Law Clerk | | Kathleen Frederick | $200 |
| Kristine A. Thagard | $550 | Sarah R. Hasselberger | $280 | | |
| Matthew W. Grimshaw | $550 | | | | |

4820-8433-8821, v. 2/9999-100

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 8, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **TRUSTEE HOWARD B GROBSTEIN (TR):** Howard B Grobstein (TR) hbgtrustee@gtllp.com, C135@ecfcbis.com
- **ATTORNEY FOR DEBTOR MONICA GOMEZ:** Daniel King dking@theattorneygroup.com, r44432@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Kristine A Thagard kthagard@marshackhays.com, kthagard@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Robert P Zahradka caecf@tblaw.com

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**: On **April 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
MONICA GOMEZ
23396 HEMLOCK AVE #102
MORENO VALLEY, CA 9255

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 8, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PURSUANT TO LBR 5005-2(d) AND COURT MANUAL APPENDIX F SECTION 2.2, NON-HEARING MOTIONS WHEN THE RESPONSE DEADLINE HAS NOT PASSED WILL NOT BE SERVED UPON THE JUDGE.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2021 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**